**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4718**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

STEVE M. SINGLETARY,

                    Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.   Joseph F. Anderson, Jr., District Judge.   (3:07-cr-01314-JFA-1)

Submitted:  January 28, 2011       Decided:  February 17, 2011

Before DUNCAN, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John H. Hare, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant.   Marshall Prince, II, Julius Ness Richardson, Assistant United States Attorneys, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steve M. Singletary appeals the fifty-seven month sentence imposed following his guilty plea to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006). Counsel for Singletary filed a brief in this court in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no non-frivolous issues for appeal, but questioning whether Singletary's guilty plea was valid and whether the district court imposed a reasonable sentence. Singletary was informed of his right to file a pro se supplemental brief but did not do so. Finding no reversible error, we affirm.

Because Singletary did not move to withdraw his guilty plea in the district court or raise any objections to the Federal Rule of Criminal Procedure 11 colloquy, the colloquy is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 524-27 (4th Cir. 2002). Prior to accepting a defendant's guilty plea, a district court must address the defendant in open court and ensure he understands, among other things, the nature of the charge against him, the possible punishment he faces, and the rights he relinquishes by pleading guilty. Fed. R. Crim. P. 11(b)(1). The court must also ensure that a sufficient factual basis exists to support the plea, Fed. R. Crim. P. 11(b)(3), and that the plea is knowing and voluntary, Fed. R. Crim. P.

2

11(b)(2). Our review of the plea hearing transcript reveals no deficiencies in the colloquy conducted by the district court. We conclude that the district court did not err in finding Singletary's guilty plea to be valid.

Counsel next challenges the reasonableness of Singletary's sentence, but does not specify any deficiencies. We review a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. This court must assess whether the district court properly calculated the advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) ("[A]n individualized explanation must accompany every sentence." (emphasis omitted)); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (same). In addition, this court presumes on appeal that a sentence within a properly determined advisory Guidelines range is substantively reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

We conclude that Singletary's sentence is both procedurally and substantively reasonable. The district court

3

properly calculated Singletary's Guidelines range, treated the Guidelines as advisory, and considered the applicable 18 U.S.C. § 3553(a) factors. See United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). Moreover, the district court based its sentence on its individualized assessment of the facts of the case. See Carter, 564 F.3d at 328. Lastly, Singletary has not rebutted the presumption that his within-Guidelines sentence is reasonable. Thus, the district court did not abuse its discretion in imposing the chosen sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Singletary, in writing, of the right to petition the Supreme Court of the United States for further review. If Singletary requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Singletary.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4